UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, on behalf of the University of California-Davis Medical Center,<br><br>    Plaintiff,<br><br>    v.<br><br>TRUSTMARK INSURANCE COMPANIES, and Does 1 through 25,<br><br>    Defendants. | No. 2:06-cv-0078-MCE-GGH<br><br><br><br><br><br>ORDER |

On March 28, 2007, Counsel for Defendant Trustmark Insurance Company ("Trustmark") filed an Ex Parte Request that the Court extend the time for hearing dispositive motions in this matter from April 23, 2007 to April 30, 2007.  Trustmark's application indicates simply that it filed its Motion for Summary Judgment on March 23, 2007, the very last day it could do so and provide adequate notice under the provisions of Eastern District Local Rule 78-230(b).

1

1 Trustmark did not, however, ascertain whether the April 23, 2007
2 date it selected was a scheduled motion hearing date.  That date
3 was in fact unavailable and the next available hearing date,
4 April 30, 2007, fell outside the dispositive hearing cut-off
5 date, thereby necessitating the instant request.

6     Trustmark provided no explanation as to why it failed to
7 file its motion so that it could be heard before the applicable
8 deadline.

9     Once a district court has filed a pretrial scheduling order
10 pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's
11 standards control.  Johnson v. Mammoth Recreations, Inc., 975
12 F.2d 604, 607-08 (9th Cir. 1992).  Prior to the final pretrial
13 conference, which the Court has set for July 23, 2007, a court
14 may modify a status order upon a showing of "good cause."  See
15 Fed. R. Civ. P. 16(b).

16     "Unlike Rule 15(a)'s liberal amendment policy which focuses
17 on the bad faith of the party seeking to interpose an amendment
18 and the prejudice to the opposing party, Rule 16(b)'s 'good
19 cause' standard primarily considers the diligence of the party
20 seeking the amendment."  Johnson, 975 F.2d at 609.  In explaining
21 this standard, the Ninth Circuit has stated that:
22 ///
23 ///
24 ///
25 ///
26 ///

---

28 [1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

     [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief.  Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end.

Id. (citations omitted).

     Here, in the absence of any showing of diligence in not getting the motion at issue on file sooner, Trustmark's extension request is hereby DENIED.

     IT IS SO ORDERED.

Dated: April 5, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3